FILED - USDC -NH
2026 SEP 9 AM9:55

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard M. Greeley,

Plaintiff,

v. Civil No. 1:25-cv-00261-SE-AJ

New Hampshire State Police, et al.,

Defendants.

PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ALLEGED GANG AFFILIATION OR UNRELATED CRIMINAL CHARACTER

Plaintiff Richard M. Greeley, proceeding pro se, respectfully moves in limine for an order prohibiting Defendants, their counsel, and their witnesses from referring before the jury to any alleged affiliation by Plaintiff with the Hells Angels, any gang or criminal organization, any alleged "criminal syndicate," or similar criminal-character characterization unless Defendants first obtain a ruling from the Court outside the presence of the jury establishing that the particular evidence is relevant and otherwise admissible.

In support of this motion, Plaintiff relies upon Federal Rules of Evidence 401, 402, 403, and 404 and the memorandum of law set forth below.

Defendants have previously raised such allegations in filings in this action. In an affidavit submitted at ECF No. 27-1, Sergeant Gary Ingham characterized Plaintiff as an "admitted

member or attempted member of the Hells Angels" and described that organization as a "national criminal syndicate." In Defendants' subsequent August 7, 2026 filing at ECF No. 32, Defendants stated that Plaintiff "still has yet to deny his affiliation with the Hells Angels" and later referred to Plaintiff as a pro se litigant "affiliated with a criminal syndicate."

Those allegations were presented in connection with Defendants' arguments concerning the disclosure of substantive K-9 training records. Plaintiff seeks a pretrial ruling to prevent those highly prejudicial allegations and characterizations from being presented to the jury unless Defendants first establish, outside the jury's presence, that the particular evidence is relevant to an issue properly before the jury and otherwise admissible under the Federal Rules of Evidence.

Plaintiff does not seek to prevent Defendants from presenting evidence that the Court determines is relevant for a legitimate, non-character purpose and otherwise admissible. Plaintiff requests only that Defendants be prohibited from mentioning such allegations or characterizations before the jury unless and until the Court makes that determination.

LR 7.1(c) CERTIFICATION

Pursuant to Local Rule 7.1(c), Plaintiff made a good-faith effort to obtain Defendants' concurrence in the relief requested. On September 7, 2026, Plaintiff contacted defense counsel regarding the relief sought in this motion. Defense counsel advised that Defendants do not assent and will object to the motion.

WHEREFORE, Plaintiff respectfully requests that the Court prohibit Defendants, their counsel, and their witnesses from referring before the jury to any alleged Hells Angels affiliation, gang or criminal-organization affiliation, "criminal syndicate" affiliation, or similar criminal-character characterization unless Defendants first obtain a ruling from the Court outside the presence of the jury establishing that the particular evidence is relevant and admissible.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 1

I. BACKGROUND

Defendants have used allegations concerning Plaintiff's purported affiliation with the Hells Angels or a "criminal syndicate" in connection with a discovery dispute involving substantive K-9 training records.

In ECF No. 27-1, Sergeant Gary Ingham characterized Plaintiff as an "admitted member or attempted member of the Hells Angels" and described the organization as a "national criminal syndicate."

In ECF No. 32, Defendants stated that Plaintiff "still has yet to deny his affiliation with the Hells Angels" and later argued that security considerations applied to the release of law-enforcement training materials to what they characterized as "a pro se plaintiff affiliated with a criminal syndicate."

Those assertions were made in connection with the confidentiality and disclosure of K-9 training materials. Plaintiff seeks an order preventing those allegations, labels, or similar

characterizations from being placed before the jury unless Defendants first establish their relevance and admissibility outside the jury's presence.

## II. ARGUMENT

### A. An alleged affiliation that was not part of the circumstances confronting the officers cannot retrospectively justify the challenged use of force.

Plaintiff's excessive-force claim is governed by the Fourth Amendment's objective-reasonableness standard.

The reasonableness of force must be evaluated based upon the facts and circumstances confronting the officers at the time the force was used. Graham v. Connor, 490 U.S. 386, 396–97 (1989).

Accordingly, to the extent any alleged organizational affiliation was not known to the officers and was not part of the circumstances confronting them when force was used, the allegation cannot properly be used as a retrospective justification for the challenged force.

Allowing the jury to hear such an allegation for that purpose would improperly introduce information unrelated to what the officers actually confronted at the time of the seizure.

### B. The alleged affiliation is irrelevant unless Defendants establish a connection to a material issue the jury must decide.

Federal Rule of Evidence 401 provides that evidence is relevant only when it has a tendency to make a fact more or less probable and that fact is of consequence in determining the action.

Federal Rule of Evidence 402 provides that irrelevant evidence is inadmissible.

An allegation that Plaintiff was affiliated with the Hells Angels, a gang, a criminal organization, or a "criminal syndicate," standing alone, does not establish whether Trooper Myrdek's deployment or continued use of K-9 Ragnar was objectively reasonable, whether Sergeant Barrett used objectively reasonable force, or whether any Defendant deliberately fabricated material evidence.

Unless Defendants establish a legitimate connection between the proposed evidence and a disputed material issue remaining for trial, the allegation should not be presented to the jury.

C. Any marginal probative value is substantially outweighed by the danger of unfair prejudice.

Federal Rule of Evidence 403 permits the Court to exclude relevant evidence when its probative value is substantially outweighed by dangers including unfair prejudice, confusing the issues, or misleading the jury.

The labels "Hells Angels," "gang," "criminal syndicate," and similar terminology carry an obvious danger of unfair prejudice.

Such terminology could cause jurors to evaluate Plaintiff based upon a perceived association with criminality or dangerousness rather than upon the evidence relevant to whether Defendants violated Plaintiff's constitutional rights.

It also creates a substantial risk that the trial would be diverted into a collateral dispute concerning Plaintiff's associations rather than the conduct of the individual Defendants during and after the February 17, 2024 encounter.

Whatever limited probative value such evidence might have for an unidentified purpose is substantially outweighed by the danger that the jury would use it as evidence of Plaintiff's general character, dangerousness, or supposed propensity for criminal conduct.

D. The alleged affiliation should not be used as impermissible character or propensity evidence.

Federal Rule of Evidence 404 generally prohibits the use of character or other-acts evidence to prove that a person acted in accordance with a particular character or trait on a particular occasion.

Defendants therefore should not be permitted to invoke an alleged Hells Angels, gang, or "criminal syndicate" affiliation merely to portray Plaintiff as a criminal, dangerous person, or person less deserving of constitutional protection.

The constitutional protections governing the use of force apply without regard to whether a plaintiff is viewed favorably or unfavorably by a jury.

Likewise, any allegation concerning organizational affiliation should not be used merely to encourage the jury to infer that Plaintiff was more likely to flee, resist, behave violently, possess contraband, or otherwise act in conformity with a perceived criminal character.

Plaintiff is not requesting categorical exclusion of evidence that the Court may determine is admissible for some legitimate purpose. Rather, Plaintiff requests that Defendants first identify that purpose and obtain a ruling outside the presence of the jury before introducing the allegation or referring to it in opening statement, witness examination, exhibits, or argument.

E. A prior ruling outside the presence of the jury is appropriate because the prejudice cannot easily be cured once the allegation is heard.

Once a jury hears a characterization associating a party with the Hells Angels, a gang, or a "criminal syndicate," the resulting prejudice may be difficult to eliminate through a later objection or limiting instruction.

Requiring Defendants to raise any proposed use of this evidence with the Court before mentioning it in front of the jury would permit the Court to evaluate relevance, purpose, and prejudice without exposing the jury to potentially inadmissible information.

This procedure would not prevent Defendants from using evidence the Court ultimately determines is admissible. It would merely preserve the Court's ability to decide admissibility before potentially prejudicial terminology reaches the jury.

III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 1 and order that Defendants, their counsel, and their witnesses shall not mention, refer to, introduce evidence concerning, or argue any alleged Hells Angels affiliation, gang or criminal-organization affiliation, "criminal syndicate" affiliation, or similar criminal-character characterization in the presence of the jury unless Defendants first obtain a ruling from the Court outside the presence of the jury determining that the particular evidence is relevant and otherwise admissible.

Respectfully submitted,

/s/ Richard M. Greeley

Richard M. Greeley

Plaintiff, Pro Se

2 McElroy Street

Goffstown, NH 03045

Telephone: (603) 268-1742

Email: richgreeley93@gmail.com

Date: September 9, 2026

CERTIFICATE OF SERVICE

I certify that on September 9, 2026, I served a true copy of the foregoing Plaintiff's Motion in Limine No. 1 and supporting memorandum by electronic mail upon:

Laura J. Raymond, Esq.

New Hampshire Department of Justice

1 Granite Place South

Concord, NH 03301

Laura.J.Raymond@doj.nh.gov

/s/ Richard M. Greeley

Richard M. Greeley